**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE N. WALKER, JR.,
Plaintiff-Appellant,

v.

ROSLYN C. TYLER, Individually and
in her official capacity as
Chairperson, Board of Supervisors
County of Sussex, Virginia; GLOVER
W. PEGRAM, Individually and in his
official capacity as a Member of the
Board of Supervisors County of
Sussex, Virginia; R. L. WESTBROOK,
Individually and in his official

capacity as a Member of the Board                         No. 96-1145
of Supervisors County of Sussex,
Virginia; JAMES E. BELSHAM,
Individually and in his official
capacity as a Member of the Board
of Supervisors County of Sussex,
Virginia,
Defendant-Appellees,

v.

ONNIE L. WOODRUFF, Individually;
BRENDA WOODRUFF,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-95-587)

Submitted: September 24, 1996

Decided: October 24, 1996

Before HAMILTON, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Beverly D. Crawford, Sa'ad El-Amin, EL-AMIN & CRAWFORD, P.C., Richmond, Virginia, for Appellant. E. Wayne Powell, LAW OFFICES OF E. WAYNE POWELL, Richmond, Virginia; Beverly W. Snukals, Rhonda M. Harmon, MEZZULLO & MCCANDLISH, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff George N. Walker, Jr., appeals the district court's order granting Defendants'[1] motions to dismiss Walker's defamation and denial of due process claims in this action arising from his termination by the Board of Supervisors ("Board") from his position as Sussex County Administrator. Because we find that the statements of Defendants cannot reasonably be interpreted to express defamatory meanings, we affirm.

_____

[1] Defendants/Appellees are Roslyn C. Tyler, who at the times relevant to this suit was the Chairperson of the Board of Supervisors of Sussex County, and Glover W. Pegram, R. L. Westbrook, and James E. Belsham, who were members of the Board.

2

In his complaint, Walker alleged that Peggy Pate and John Burns, two persons hired by Walker, complained to the Board that Walker was awarding unauthorized pay increases and was running his office through "power and intimidation."

The Board suspended Walker and hired an independent investigator to audit the county's finances. In explaining the Board's decision, Defendant Roslyn C. Tyler told a reporter that the Board "had some financial questions" which might require a change in accounting practices. Walker was reinstated after two weeks.

Approximately one month later, the Board met in executive session to receive the report of the auditor. After reconvening in open session, Tyler told Walker that the Board had lost confidence in Walker's ability to carry out his official duties and asked for his resignation. Walker asked for an opportunity to respond, but his requests were refused. Although he never submitted a written resignation, Walker vacated his office and ceased acting as the County Administrator.

After the meeting, Defendants Tyler and James E. Belsham told a reporter for the Richmond Times-Dispatch that the Board had requested Walker's resignation in part because of questions raised by the independent audit. In a Times-Dispatch article, the reporter coupled Belsham and Tyler's comments with Pate's claims of "unusual accounting procedures." A subsequent article in the Sussex-Surry Dispatch quoted Belsham as stating that the Board had "lost confidence" in Walker.

Walker requested that Tyler correct the impression that he was asked to resign because of financial wrongdoing. He also asked for the auditor's report. The Board complied with neither request.

The Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) because the statements complained of by the plaintiff were not actionable as a matter of law. The district court granted the motions.[2] Walker appeals.

_____

[2] The district court also dismissed Walker's breach of contract claim, but Walker has abandoned that claim on appeal.

Complaints dismissed for failure to state a claim are reviewed de novo. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). The applicable legal standard is that"a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All factual inferences must be assessed in the light most favorable to the non-moving party. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

In Virginia, the elements of defamation are (1) publication (2) of a false, defamatory statement (3) with the requisite intent. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1092 (4th Cir. 1993). Walker admits that the statements of the Defendants were not factually false. He asserts, however, that considering the surrounding facts, the statements were defamatory by implication.

For a defamation-by-implication cause of action to survive, the defamatory implication must be present in the plain and natural meaning of the words used. In addition, because the Constitution protects truthful speech, a plaintiff raising an implicit defamation claim has an especially rigorous burden. The language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that the author intended or endorsed the inference. Id. at 1092-93.

Walker alleges that the various statements made by the Defendants, when viewed together with Pate's allegations and Walker's termination, suggest that he was unfit to perform the duties of his office and was involved in shady financial dealings. However, we find that the Defendants' true statements do not create such innuendo. For example, Tyler's statement that the Board "had some financial questions" which might require audit changes did not imply that Walker had engaged in illegal or unethical behavior. At most, the statement implied that Walker had chosen poor accounting methods. Such a statement is not defamatory. Id. at 1092 (defamatory words must make the plaintiff appear odious, infamous or ridiculous; merely offensive or unpleasant statements are not actionable).

Next, Tyler and Belsham's statements that they requested Walker's resignation "in part because of the audit results" does not implicate a

4

solely defamatory meaning. The statement does not imply that Walker engaged in immoral, unethical, or illegal activities. If such were the case, the resignation would not be due only "in part" to the audit results. Therefore, the only fair reading of the comment is that the audit results themselves would not have required Walker's resignation. Whatever else contributed to Walker's termination is not mentioned or discussed.

Finally, Belsham stated that Walker resigned because the Board had "lost confidence" in him. Again, this comment does not imply any financial improprieties, immoral actions, or unethical behavior. While the statement might be unpleasant, it is not defamatory.

In addition, the placement of these comments near Pate's accusations of unusual accounting procedures did not convert the statements into defamatory comments. Pate is not a defendant in this action, and Walker does not allege that the Defendants endorsed Pate's allegations, intended such an inference to be drawn, or were even aware that Pate's allegations had been uncovered by the reporter. Accordingly, this claim was properly dismissed.

Walker also alleged that the Board denied him due process of law by injuring his reputation without allowing him a name-clearing hearing. In order to state a claim that the Board's stigmatizing remarks deprived him of a liberty interest under 42 U.S.C.§ 1983 (1994), Walker must show that the Board made public, injurious, and false charges against him in the course of a discharge or demotion. Stone v. University of Maryland Medical Sys. Corp., 855 F.2d 167, 172-73 n.5 (4th Cir. 1988). As discussed above, Walker has not alleged that the Defendants' statements were false, and therefore, he has not shown that he was denied a protected liberty interest. As such, he was not entitled to due process protections in connection with his discharge.

The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5